## Louis BOWEN

v.

## CITY OF CRANSTON.

### No. 95–501–Appeal.

Supreme Court of Rhode Island.

April 12, 1996.

Harry J. Hoopis, Providence.

Francis X. Flaherty, Warwick.

### ORDER

This case came before the court for oral argument April 8, 1996, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The city of Cranston has appealed from a judgment entered in the Superior Court in favor of the plaintiff, Louis Bowen, following the granting of a motion by the trial justice for a directed verdict. The plaintiff was a firefighter who was retired by the city council and placed upon disability pension August 27, 1985. He had injured his back while on duty in 1982 and from that time did not engage in active duty as a firefighter, but was placed on light duty for a period of approximately three years.

The city council in reaching its decision to place plaintiff on a disability pension considered a report from Dr. Norbert Fleisig who had been designated as a physician to examine the plaintiff and determine whether he had become permanently incapacitated from performing his full duties as a firefighter in accordance with section 10–12 of the ordinances of the city of Cranston. · Dr. Fleisig had relied in formulating his report on a report that had been submitted by Dr. Stanley Stutz who was the plaintiff's treating physician. The trial justice held as a matter of law, that the city council should not have considered Dr. Stutz's report in reaching its determination concerning plaintiff's incapacity.

We are of the opinion that in so holding the trial justice erred as a matter of law. Dr. Fleisig in formulating his report was entitled to take into account other reports upon which a reasonable physician would normally rely in reaching a prognosis. *See* Rule 703 of the Rhode Island Rules of Evidence.

Consequently the city council was entitled to see and consider Dr. Stutz's report which in pertinent part stated that as of May 9, 1985, the plaintiff was partially disabled and was unable to perform his normal job as a firefighter.

We are further of the opinion that considering Dr. Fleisig's report together with the report of Dr. Stutz, the city council could have drawn the inference that plaintiff was not likely to be able to resume the full duties of his position as a firefighter and, therefore, was permanently partially disabled within the meaning of section 10–12 of the ordinances of the city of Cranston. Prior to directing a verdict in this case, the trial justice had reserved decision on the motion in accordance with Rule 50(b) of the Rules of Civil Procedure of the Superior Court. The jury had returned a verdict in favor of the defendant. We believe that the trial justice was correct in the instructions given to the jury and that the jury's verdict in favor of the defendant was based upon substantial evidence even though Dr. Stutz's report had been improperly excluded. The trial justice erred in directing a verdict in favor of the plaintiff.

Consequently, we sustain the appeal of the city of Cranston vacating the judgment entered in the Superior Court and remand the papers in the case to the Superior Court with directions to reinstate the verdict of the jury and for such further proceedings as may be consistent with this order.